**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARY L. FLOWERS,** | ) | **CASE NO.  4:08 CV 3** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge George J. Limbert** |
| | ) | |
| **COMMISSIONER OF** | ) | **MEMORANDUM OPINION** |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (Docket #15).  The Magistrate Judge recommends that the Joint Stipulation to Remand filed by the Parties (Docket #14) be granted and judgment entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) for remand to the Commissioner according to the terms set out in the stipulation.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made.  The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges.  In regard to subsection (b) of Rule 72, the advisory committee stated:  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

**Conclusion**

The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Limbert.  (Docket #15.)  The Joint Stipulation to Remand (Docket #14) is hereby GRANTED.  The Commissioner's decision is hereby VACATED and the case is hereby REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g), to the Commissioner of Social Security according to the terms set forth in the Joint Stipulation.

As set forth in the Joint Stipulation to Remand, the Parties agree that the case should

-2-

be remanded so that the ALJ can locate and evaluate the evidence that was missing from the

administrative record which was contained in Exhibits 12F and 13F, as accepted by the ALJ

at the May 24, 2005 hearing.  The Parties further agree that the ALJ may request any

additional development deemed necessary in order to complete the administrative record

and issue a new decision.

IT IS SO ORDERED.

s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 8, 2008